**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**DANIEL LEWIS**                                                                            **PETITIONER**

**V.**                              **CASE NO. 5:13CV00158 BSM/BD**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                                      **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I**.      **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to

Chief United States District Judge Brian S. Miller.  Mr. Lewis – or any party – may file

written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United

States District Court Clerk within fourteen (14) days of this Recommendation.  A copy

will be furnished to the opposing party.

If no objections are filed, Judge Miller can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   <u>Background</u>

On May 28, 2013, Petitioner Daniel Lewis filed the pending petition for writ of

habeas corpus.  (docket entry #2)  In the petition, he claims that he was denied due

process and effective assistance of counsel.  Respondent, Director Ray Hobbs, contends

that the petition is time-barred.  (#7)  In reply, Mr. Lewis argues that he did timely file his

habeas petition.  (#11)  For the reasons explained below, the Court will recommend that

Judge Miller DISMISS Mr. Lewis's petition, with prejudice.

On December 7, 2010, a Pulaski County jury found Mr. Lewis guilty of two counts

of aggravated robbery and two counts of theft of property, with a firearm enhancement

on each offense.  (#2, p. 2)  As a result of the conviction, Mr. Lewis received an

aggregate fifty-year sentence as a habitual offender.  He appealed, but the Arkansas Court

of Appeals affirmed the conviction on February 29, 2012.  *Lewis v. State*, 2012 Ark.App.

184, 396 S.W.3d 775.  Mr. Lewis did not seek discretionary review in the Arkansas

Supreme Court.  (#11, p. 5)  The mandate issued on March 20, 2012.

On May 22, 2012, Mr. Lewis filed a Rule 37 petition for postconviction relief in

the state trial court.  (#11, p. 5)  On June 28, 2012, the trial court denied the petition as

untimely.  (#2, p. 3; #11, p. 5)  Mr. Lewis appealed, and on November 29, 2012, the

2

Arkansas Supreme Court granted the State's motion to dismiss the appeal on grounds that it was untimely.  (#7-3; #7-4; #11, p. 5)  About six months later, Mr. Lewis filed the pending federal habeas corpus petition.

III.   <u>**Discussion**</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), establishes a one-year limitations period for a state prisoner to commence a habeas corpus proceeding under 28 U.S.C. § 2254.  The limitations period begins to run from, "the date on which the judgement became final by the conclusion of direct review or the expiration of the time limit for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

The Supreme Court may review a judgment of a state court of last resort, or of a lower state court, if the state court of last resort has denied discretionary review. *Gonzalez v. Thaler*, __ U.S. __, 132 S.Ct. 641, 656 (2012)(citations omitted).  When, as here, the petitioner did not seek review in the state court of last resort, the judgment becomes final when the time for seeking such review expires.  *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012)(citations omitted).

Mr. Lewis did not petition the Supreme Court of Arkansas for review of the decision of the Arkansas Court of Appeals.  Thus, the one-year limitations period began to run no later than March 20, 2012, when the time to seek review in the Supreme Court

of Arkansas expired.[1]  (#11, p. 6)  Mr. Lewis waited to file the pending federal petition

until May 20, 2013[2] – more than a year after his conviction became final.  His claims are

barred by the one-year statute of limitations unless the limitations period can be tolled.

    A.    *Statutory Tolling*

The time during which a properly filed application for State postconviction or

other collateral review is pending does not count toward the limitations period.  28 U.S.C.

§ 2244(d)(2).  Mr. Lewis filed his Rule 37 petition for postconviction relief on May 22,

2012.  (#2, p. 3)  Because the postconviction petition was untimely, it did not toll the

limitations period under § 2244(d)(2).  See *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 125

S. Ct. 1807, 1812 (2005)("When a postconviction petition is untimely under state law,

'that [is] the end of the matter' for purposes of § 2244(d)(2)").

Mr. Lewis argues that the limitations period should be tolled from May 22, 2012 to

June 28, 2012.  (#11, p. 6)  This period accounts for the time Mr. Lewis's untimely Rule

37 petition was pending in the trial court.  But only a "properly filed" application tolls the

limitations period, and an untimely application is not properly filed.  *Id.* at 417.

---

[1] The Arkansas Court of Appeals issued its opinion on February 29, 2012.  A defendant has 18 calendar days from the date of decision to petition the Supreme Court of Arkansas for review.  Ark.Sup.Ct. R. 2-4(a).  When, as here, the last day for filing falls on a Sunday, the time is extended to the next business day.  ARK.R.APP.P.CRIM. R. 17.  The time to petition for review extended to Monday, March 19, 2012, and the limitations period began to run the following day, March 20, 2012.

[2] The Clerk of Court filed Mr. Lewis's petition on May 28, 2013, but Mr. Lewis executed his petition on May 20, 2013.  (#2)  Under the mailbox rule, the Court will consider the petition filed as of May 20, 2013.

4

Mr. Lewis also argues the limitations period should be tolled from July 6, 2012 to November 29, 2012.  (#11, p. 6)  This period accounts for the time Mr. Lewis's appeal from the denial of his Rule 37 petition was pending in the Arkansas Supreme Court.  If Mr. Lewis had properly filed his Rule 37 petition, this time would not be counted.  But because he never properly filed a postconviction petition, Mr. Lewis is not entitled to statutory tolling under § 2244(d)(2).  Because he is not entitled to statutory tolling, his claims are barred unless saved by equitable tolling.

B.    *Equitable Tolling*

The statute of limitations set out in 28 U.S.C. § 2244(d) is subject to equitable tolling.  *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010).  A petitioner invoking equitable tolling, however, bears the burden of establishing that, despite pursuing his rights diligently, some extraordinary circumstance stood in the way of a timely filing.  *Id.* at 2562 (citing *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)).  While equitable tolling is a recognized exception to the one-year limitations period, it affords an "exceedingly narrow window of relief."  *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).

Mr. Lewis alleges extraordinary circumstances justify equitable tolling.  (#11, p. 7)  First, he notes that it took over a week for his Rule 37 petition to reach Little Rock from the Cummins Unit.  (#11, p. 8)  While this delay in mail delivery effectively precluded statutory tolling, it had no effect on Mr. Lewis's ability to timely file his federal petition.

5

As noted, this Court gave Mr. Lewis the benefit of the mailbox rule when determining the filing date of this federal petition.

Mr. Lewis also cites his assignment to punitive isolation for two months prior to the filing deadline as an extraordinary circumstance. (#11, p. 8)  But he knew on June 28, 2012, that the trial court had ruled that his Rule 37 petition was untimely.  As of November 29, 2012, he knew that the Supreme Court of Arkansas had upheld the trial court's determination.  At that point, he still had almost four months – that is, until March 20, 2013 – to file a timely federal petition.  If he was concerned about the timeliness of his habeas corpus petition, he could have filed a "protective" petition after the trial court dismissed his Rule 37 petition on June 28, 2012.  See *Pace*, 544 U.S. at 416-417 (a petitioner's reasonable confusion about the timeliness of a state filing will ordinarily constitute good cause for the petitioner to file in federal court).  Neither a short delay in mail delivery nor a two month term in punitive isolation qualify as extraordinary circumstances for purposes of equitable tolling.

Mr. Lewis has also failed to describe any diligent efforts to file a timely federal petition.  His petition does not include voluminous records or claims requiring extensive investigation.  (#2)  Aside from citing his time in punitive isolation, Mr. Lewis has not offered any reason why he was unable to file a timely petition by exercising some level of diligence.  Without a showing of diligence, equitable tolling is not available.  See *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009)("We will decline to apply the doctrine of

equitable tolling if a habeas petitioner has not diligently pursued his rights."). Mr. Lewis's claims are not saved by equitable tolling.

## IV.    Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Lewis has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). Here, Mr. Lewis has not provided any basis for issuing a certificate of appealability.

## V.    Conclusion

Mr. Lewis's petition is time-barred. For that reason, the Court recommends that Judge Miller dismiss Mr. Lewis's petition for writ of habeas corpus, with prejudice. And because there is no substantial showing that Mr. Lewis was denied a constitutional right, Judge Miller should decline to issue a certificate of appealability.

DATED this 5th day of November, 2013.

_____
UNITED STATES MAGISTRATE JUDGE